UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY L. ROBINSON,

    Plaintiff,

v.                                Case No. 8:07-cv-1518-T-24 TBM

ROOFS, STRUCTURES &
MANAGEMENT, INC. and
GORDON H. MELTZER,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims. (Doc. No. 15). Defendants oppose the motion. (Doc. No. 19).

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiff filed suit against Defendants under the Fair Labor Standards Act ("FLSA") for failing to pay her overtime. In response, Defendant Roofs, Structures & Management, Inc. ("RSM") asserted the affirmative defense of setoff, and it asserted three counterclaims. Specifically, RSM asserts that Plaintiff breached a severance agreement, in which she released all claims relating to her wages, by filing this lawsuit. Additionally, RSM contends that Plaintiff breached the severance agreement's provision that she not contact any of RSM's employees.

Therefore, in Count I of its counterclaim, RSM asserts a breach of contract claim and seeks damages. In Count II, RSM asserts a claim for specific performance of the severance agreement.

RSM asserts a third claim. In Count III, RSM asserts a claim for repayment of $4,833.75 it lent to Plaintiff while she was employed with RSM.

**III.  Motion to Dismiss**

In the instant motion, Plaintiff moves to dismiss RSM's counterclaims. Specifically, she argues that: (1) a defendant may not assert a counterclaim that creates a setoff to an FLSA claim; and (2) the Court lacks jurisdiction over the counterclaims. Accordingly, the Court will address

each argument.

### A. Setoffs Against an FLSA Claim

Plaintiff first argues that a defendant may not assert a counterclaim that creates a setoff to an FLSA claim. In support of this argument, Plaintiff cites Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974). Plaintiff's reliance on Brennan is misplaced.

In Brennan, the court disallowed setoffs that reduced the workers' payments below the minimum required by the FLSA. See id. at 3-4. The Fifth Circuit has since clarified the ruling in Brennan and stated that Brennan does not stand for the proposition that setoffs are never allowed in FLSA cases. See Singer v. City of Waco, Texas, 324 F.3d 813, 828 n.9 (5th Cir. 2003). Furthermore, several courts within the Eleventh Circuit have allowed claims for setoffs in FLSA cases. See Cole v. Supreme Cabinets, Inc., 2007 WL 1696029, at *4 (M.D. Fla. June 12, 2007); Clifton v. Kinney, 2006 WL 3404813, at *3 (M.D. Fla. Nov. 24, 2006); Kirby v. Tafco Emerald Coast, Inc., 2006 WL 228880, at *2 (N.D. Fla. Jan. 30, 2006); Mercer v. Palm Harbor Homes, Inc., 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005); Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp.2d 1314, 1321 (S.D. Fla. 2005). Accordingly, the Court rejects Plaintiff's argument that a defendant may not assert a counterclaim that creates a setoff to an FLSA claim.

### B. Jurisdiction Over the Counterclaims

Next, Plaintiff argues that the Court lacks jurisdiction over RSM's counterclaims. Specifically, she argues that the counterclaims are permissive, and as such, they require an independent basis for subject matter jurisdiction.

District courts have supplemental jurisdiction over compulsory counterclaims, but

permissive counterclaims require an independent basis for subject matter jurisdiction. See Kirby, 2006 WL 228880, at *1; Mercer, 2005 WL 3019302, at *1.  A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a).  The Eleventh Circuit uses the "logical relationship" test to determine whether a counterclaim is compulsory.  Mercer, 2005 WL 3019302, at *1 n.1 (citation omitted).  Under this test, a counterclaim is compulsory if "the same operative facts . . . serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Id. (internal quotation marks and citation omitted).

The Court finds that under the logical relationship test, all three of RSM's counterclaims are permissive, because they are not based on the same core facts as Plaintiff's FLSA claim.  See Kirby, 2006 WL 228880, at *2 (finding the defendant's breach of contract claim and failure to repay promissory notes claim to be permissive counterclaims to the plaintiff's FLSA claim); Mercer, 2005 WL 3019302, at *1 (finding the defendant's conversion claim to be a permissive counterclaim to the plaintiff's FLSA claim); Lecik v. Nost, 2005 WL 3307192, at *3 (M.D. Fla. Dec. 6, 2005)(finding the defendant's breach of contract claim to be a permissive counterclaim to the plaintiff's FLSA claim).  However, the Court's finding that the counterclaims are permissive does not end the Court's inquiry as to whether the counterclaims should be dismissed due to there being no independent basis for subject matter jurisdiction.

There is an exception to the requirement that permissive counterclaims require an independent basis for jurisdiction when the permissive counterclaim is seeking only a setoff. See Cole, 2007 WL 1696029, at *4; Kirby, 2006 WL 228880, at *1 n.1; Mercer, 2005 WL

3019302, at *2. However, under the exception, the counterclaim for setoff must be used solely to defeat or reduce the plaintiff's recovery and cannot seek affirmative relief. See <u>Cole</u>, 2007 WL 1696029, at *4; <u>Kirby</u>, 2006 WL 228880, at *1 n.1; <u>Mercer</u>, 2005 WL 3019302, at *2.

Only Count I (breach of contract) and Count III (repayment of money owed) can be construed as claims for setoff. However, both of those counts seek affirmative relief, and as such, the Court lacks subject matter jurisdiction over them. Therefore, the Court is going to grant Plaintiff's motion to dismiss RSM's three counterclaims, but the Court will allow RSM to amend its counterclaims to assert a counterclaim for setoff relating to the breach of contract and repayment of loan counterclaims (Counts I and III) that does not seek affirmative relief.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims (Doc. No. 15) is **GRANTED**; and

(2)  RSM may file an amended counterclaim for setoff by January 4, 2008.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of December, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record